[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO MODIFY ALIMONY
By motion dated July 26, 2000 defendant has moved to modify a stipulation and judgment of the court dated December 5, 1997 wherein, as part of a dissolution proceeding, defendant was ordered to pay plaintiff alimony in the amount of $500 per week. Defendant requests a reduction in said payments because of a substantial change of circumstances. The pertinent facts in this matter are set forth as follows.
At the time their marriage was dissolved on December 5, 1997 defendant's financial affidavit indicated that he had a gross weekly income of $1,700 from his employment at Triumph Manufacturing Company and a weekly net after the usual deduction of $1,087. He listed marital assets of $203,628 including a Putnam I.R.A. of $17,102, a Triumph profit sharing plan of $54,901 and an Allamerica Annuity of $14,412.
Following the dissolution of his marriage defendant continued his employment as a salesman at Triumph which in October, 1998 was purchased by Pegasus Manufacturing Company. Meanwhile on June 19, 1998 defendant and an unemployed former bank employee whom he subsequently married formed a company called Norconn. Their company became in a sense a competitor of defendant's existing employer in the sale of aircraft and submarine parts to the United States government as well as to private defense contractors. As might be anticipated, an. authorized search of defendants house by local police and the F.B.I. uncovered numerous plans and blueprints appropriated by defendant from Pegasus. Defendant was subsequently arrested on a charge of larceny and was discharged by his employer who instituted a civil action against him. Both matters were eventually disposed of by defendant's guilty plea to a charge of trover, his being placed on probation, and by his agreeing as part of his probation to pay Pegasus, his former employer $127,500, with an initial payment of $30,000 and by a further quarterly payment of $5,925.88 until paid in full.
Testimony by defendant and his accountant concerning his present employment at Norconn is summarized as follows: CT Page 15292
In defendant's words "Norconn is a middleman doing no manufacturing. I spend 55 hours a week on Norconn business as does my wife. We both use our cars in the business. We expect Norconn to have a gross profit of $250,550 this year. My thirty percent share after expenses is expected to be $65,435 while my wife's seventy percent share will be $94,845. Our company was originally located in East Windsor, Connecticut, but in September, 2000 we moved to our present location in New York State because of the bad publicity resulting from my arrest."
The law applicable to the question at issue is briefly set forth as follows: Sec. 46b-86 (a) C.G.S., the statute which provides for the modification of a court order concerning alimony states that "any final order for the periodic payment of permanent alimony may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party." The party seeking the modification has the burden of proving that such a change has occurred. Bunche v. Bunche, 180 Conn. 285, 290 (1980). "Once a trial court determine that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony are relevant to the question of modification. Hardisty v. Hardisty, 183 Conn. 253, 259 (1981).
CONCLUSION:
The defendant is faced with two obstacles in his attempt to have his alimony payments reduced.
1. This court is disinclined to accept as an equitable distribution of the profits of Norconn, the receipt by defendant of thirty percent while his wife receives seventy percent. It is he who possesses unique skills in this highly specialized business while his wife and fellow officer in the company has no disclosed special ability either in the mechanical field or as a saleslady. On the evidence it would appear that the seventy percent share should be allotted to defendant. It is further noted that defendant's net weekly income on the date of dissolution, December 5, 1997, was $1,087 while his present weekly net income, if the $231 weekly deduction for Pegasus were not considered, would be $1,085. Further, defendant's weekly expenses on the date of entry of the existing order were $1,528 while they are presently $1,255. Finally it is noted that defendant's liquid assets at the time of the dissolution were $86,415 while at the present time they have increased to $190,000.
2. Defendant also argues that a modification is warranted because his failure to make payments to Pegasus in accordance with the terms of his probation would result in his incarceration. Such a position is untenable as was held by the court in Sanchione v. Sanchione, 173 Conn. 397, 407
CT Page 15293 "(1977). Where it stated that "Inability to pay does not automatically entitle a party to a decrease in an alimony order. It must be inexcusable and not brought about by the defendant "s own fault." Equally pertinent was the declaration of the court in Crouse v. Crouse, 1998 Conn. Super. Lexis 400 (1998) wherein it stated that "individuals such as the defendant should not be relieved of their child support obligation when, through their own misconduct they are incarcerated." This court is not persuaded that under these circumstances a reduction in alimony payments is warranted where a defendant otherwise faces the prospect of incarceration for failure to pay other financial obligations.
For all of the above reasons defendant's request to modify the existing alimony order is denied.
BY THE COURT
John D. Brennan Judge Trial Referee